Gary L. Eastman, Esq. (SBN 182518)
GARY L. EASTMAN, APLC
401 West A. Street, Ste. 1785
San Diego, CA 92101
Telephone: 619-230-1144
Facsimile: 619-230-1194

Attorney for Cross-claimants
LAKELAND ENTERPRISES, LLC and
DAVID R. SCHAEFER

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ENEL COMPANY LLC, a California corporation,

Plaintiff,

vs.

DAVID R. SCHAEFER, et al

Defendants.

DAVID R. SCHAEFER, an individual, and LAKELAND ENTERPRISES, LLC,

Cross-Claimant,

vs.

LAKELAND GEAR INC., a/k/a RIGHTLINE GEAR, a North Carolina Corporation, and Loran Evans, an individual,

Cross-Defendants.

Case No.: 12CV1369 IEG (WMc)

**DAVID R. SCHAEFER and LAKELAND ENTERPRISES, LLC'S FIRST AMENDED CROSS CLAIM FOR INDEMNITY AND DEMAND FOR JURY TRIAL**

In accordance with Rule 15(a) of the Federal Rules of Civil Procedure, Cross-claimants David R. Schaefer and Lakeland Enterprises, LLC, hereby submit its First Amended Cross Claim against Lakeland Gear Inc., a/k/a Rightline Gear, and Loran Evans and allege as follows:

## THE PARTIES

1. Cross-claimant, David R. Schaefer ("Schaefer") is and at all times herein mentioned was an individual who resides in South Carolina.

2. Cross-claimant Lakeland Enterprises, LLC ("Lakeland") is and at all times herein mentioned was a limited liability company formed under the laws of South Carolina and currently located at 216 Glen Laurel Drive, Easley, South Carolina 29642.

3. Cross-claimants are informed and believe and based thereon allege that Cross-defendant Lakeland Gear Inc., also known as Rightline Gear ("Rightline"), is and at all times herein mentioned was a North Carolina corporation located at 1465 Sand Hill Road, #171, Candler, North Carolina 28715, with a principal place of business in North Carolina and transacts business in this District.

4. Cross-claimants are informed and believe and based thereon allege that Cross-defendant Loran Evans ("Evans") is and at all times herein mentioned was an individual located in North Carolina, and a principal of Cross-defendant Rightline.

## JURISDICTION

5. To the extent the claims asserted in ENEL Company, LLC's Complaint (Case No. 12cv1369 WMc) currently before this Court are within this Court's subject matter, this cross claim is also within that subject matter jurisdiction.

6. This Court has personal jurisdiction over Rightline because it transacts routine business in this District amounting to sufficient minimum contacts.

7. This Court has personal jurisdiction over Evans because he transacts routine business, on behalf of Rightline, in this District amounting to sufficient minimum contacts.

## FACTS

8. On August 19, 2008, Lakeland entered into a contract with Rightline for the Purchase and Sales of Assets ("the Agreement"). A true and correct copy of the

Agreement is attached as Exhibit A.

9. The Agreement was signed August 19, 2008, by Schaefer, as the sole member of Lakeland, and Evans, as the President of Rightline.

10. Under the Agreement, Rightline purchased from Lakeland all or substantially all of its non-real property assets, including a product known as the CampRight tent and the business line associated therewith.

11. In specific, Rightline purchased from Lakeland the following CampRight tents: the Avalanche Tent, the 6.5' Truck Tent, the 8' Truck Tent, the 6' Compact Truck Tent, and the 5.5' Crew Cab Truck Tent.

12. In addition, Rightline purchased from Lakeland the commercial research and development information associated with the CampRight tents, including, all designs, conceptual sketches, material samples, completed prototype samples, and correspondence with manufacturing facilities.

13. The effective date for consummation of the sale and purchase of Assets under the Agreement was August 20, 2008 (the "Effective Date").

14. On June 6, 2012, several years after the 2008 Agreement, a third party ENEL Company, LLC ("ENEL") sued Schaefer, Lakeland, and Rightline, among others, in the United States District Court for the Southern District of California, Case No. 12-cv-1369-JAH-WMc, for patent infringement, alleging in part that the CampRight Tents made, offered for sale, sold, and/or imported before the Agreement <u>and</u> after the Agreement infringed ENEL's patent, United States Patent No. 6,481,784 ("the '784 patent"). That Complaint is incorporated herein as if set forth in full.

15. Cross-claimants are informed and believe and based thereon allege that ENEL seeks to hold Lakeland and Schaefer liable for patent infringement based upon the CampRight tents <u>Rightline</u> made, offered for sale, sold and/or imported <u>after</u> the Effective Date of the Agreement.

16. The CampRight tents Rightline made, offered for sale, sold and/or

imported after the Effective Date of the Agreement are covered by the Indemnification provision in the Agreement.

17. Section 7.7 of the Agreement, entitled "Indemnification," states, in part:

> "Purchaser [Rightline Gear] and Loran Evans shall, jointly and severally, indemnify and hold Seller harmless from and against any and all claims, actions, costs and expenses, including attorney's fees, arising out of or any way related to any liabilities or obligations of the Purchaser in any way related to the business assets being sold hereunder arising on or after the Effective Date.

18. Under the Agreement, the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement are the liability and obligation of Cross-defendants, not Cross-claimants.

19. Cross-claimants have performed all covenants, conditions, and promises under the Agreement except and to the extent that such covenants, conditions, and promises have been excused by the conduct of Cross-defendants.

20. Cross-claimants did not induce or contribute to any of ENEL's alleged harm attributable to the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement.

21. Cross-claimants are informed and believe and based thereon allege that Cross-defendants have declined to acknowledge their responsibility to indemnify and hold Lakeland harmless from any and all claims, actions, costs and expenses, including attorney's fees, arising out of or any way related to the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement..

22. As a direct and proximate result of Rightline's post-Agreement conduct, Cross-claimants have suffered damages and will continue to suffer damages arising from the ENEL lawsuit, in an amount to be proven at trial.

23. The CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement have caused Cross-claimants to

incur litigations costs and attorney's fees in the defense of the ENEL Complaint and prosecution of this cross claim in an amount to be proven at the time of trial.

**COUNT 1**

*Express Contractual Indemnity*

24. Cross-claimants incorporate by reference all allegations in paragraphs 1 through 23 of this cross claim as if fully rewritten herein.

25. The ENEL lawsuit sues Cross-claimants over the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement.

26. Because CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement are the liability and obligation of Cross-defendants, the Agreement requires Cross-defendants to indemnify and hold Cross-claimants harmless from and against the ENEL lawsuit.

27. Therefore, under the Agreement, Cross-defendants, jointly and severally, have an express contractual duty to indemnify Cross-claimants for all attorney's fees, costs, expenses, settlement, liabilities and obligations related to the ENEL lawsuit.

**COUNT 2**

*Implied Contractual Indemnity*

28. Cross-claimants incorporate by reference all allegations in paragraphs 1 through 27 of this cross claim as if fully rewritten herein.

29. Because CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement are the liability and obligation of Cross-defendants , Cross-defendants, jointly and severally, have an implied contractual duty under the Agreement to indemnify and hold Cross-claimants harmless from and against the ENEL lawsuit.

30. Therefore, Cross-defendants, jointly and severally, have an implied contractual duty to indemnify Cross-claimants for all attorney's fees, costs, expenses, settlement, liabilities and obligations related to the ENEL lawsuit.

**COUNT 3**

*Equitable Indemnity*

31. Cross-claimants incorporate by reference all allegations in paragraphs 1 through 30 of this cross claim as if fully rewritten herein.

32. According to the ENEL lawsuit, the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement infringe upon ENEL's patent.

33. ENEL has sued Cross-claimants, in part, based upon Cross-defendants' alleged post-Agreement infringing conduct.

34. To the extent that ENEL has suffered damages stemming from Cross-defendants' alleged post-Agreement infringing conduct, such damages are the sole liability of Cross-defendants.

35. Cross-claimants did not directly or indirectly induce or contribute to Cross-defendants' alleged post-Agreement infringing conduct.

36. Cross-claimants did not directly or indirectly induce or contribute to any of the alleged damages suffered by ENEL stemming from Cross-defendants' alleged post-Agreement infringing conduct.

37. As a direct and proximate result of Cross-defendants' alleged post-Agreement infringing conduct, Cross-claimants have suffered and will continue to suffer damages stemming from the ENEL lawsuit.

38. Because Cross-defendants are liable and responsible for their own conduct, equity demands Cross-defendants to indemnify Cross-claimants for all damages they have suffered and may continue to suffer directly and proximately caused by Cross-defendants' alleged post-Agreement infringing conduct.

**COUNT 4**

*Contribution*

39. Cross-claimants incorporate by reference all allegations in paragraphs 1 through 38 of this cross claim as if fully rewritten herein.

40. Because Cross-defendants are liable and responsible for their own conduct, if Cross-claimants are found liable to ENEL for damages based upon the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement, then each Cross-defendant should be required to pay a share of the damages that is in proportion to the culpability of that Cross-defendant in causing the damages, and should further be required to reimburse Cross-claimants for any payment of damages it makes in excess of its proportional share and based upon the liabilities and obligations of Cross-defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-claimants Schaefer and Lakeland Enterprises pray for relief as follows:

1. Judgment that Cross-defendants, and each of them, shall indemnify Cross-claimants for any and all liability, sanctions, attorney fees, costs, or judgments against Cross-claimants arising under or any way related to the CampRight tents Rightline made, offered for sale, sold and/or imported after the Effective Date of the Agreement;
2. Judgment that Cross-defendants, and each of them, shall indemnify Cross-claimants for attorney's fees, court costs, and the expenses of this cross claim;
3. Judgment that Cross-defendants, and each of them, shall make a contribution in accordance with their liability to Cross-claimants for any and all liability, sanctions, or judgments against Cross-claimants arising under or any way related to the CampRight tents Rightline made, offered

for sale, sold and/or imported after the Effective Date of the Agreement; and

4. For such other relief as the Court deems just and proper.

Dated: June 28, 2013 Gary L. Eastman, APLC

By /s/ Gary L. Eastman
Gary L. Eastman, Esq.
Attorney for Defendants and Cross-Claimants David R. Schaefer and Lakeland Enterprises, LLC

DEMAND FOR JURY TRIAL

Cross Claimants David R. Schaefer and Lakeland Enterprises, LLC hereby demand a trial by jury.

Dated: June 28, 2013

Law Offices of
Gary L. Eastman, APLC

By /s/ Gary L. Eastman
Gary L. Eastman, Esq.
Attorney for Defendants and Cross-Claimants David R. Schaefer and Lakeland Enterprises, LLC

# PROOF OF SERVICE

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

DAVID R. SCHAEFER AND LAKELAND ENTERPRISES, LLC'S FIRST AMENDED CROSS CLAIM FOR INDEMNITY AND DEMAND FOR JURY TRIAL

in the following manner: (check one)

1. ____ By personally delivering copies to the person served.
2. ____ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.
3. ____ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at 401 West A Street, Suite 1785, San Diego, CA 92101 on June 28, 2013.
4. _X__ By ECF Filing Service by filing the above-identified documents with the Court via ECF electronic filing to attorneys of record in the case.

**Gregg I. Anderson** (Representing ENEL Company, LLC)
Merchant & Gould P.C.
1050 17th Street Suite 1950
Denver, CO 80265
ganderson@merchantgould.com

**Robert T. Cruzen** (Representing Amazon.com, Inc.)
Klarquist Sparkman LLP
121 SW Salmon Street Suite 1600
Portland, OR 97204
rob.cruzen@klarquist.com

**Brandon Hays Pace** (Representing eBay Inc.) 173 Election Road
Draper, UT 84020
bpace@ebay.com

**Behrooz Shariati** (Representing Sportsman's Warehouse, Inc.)
Womble Carlyle Sandridge & Rice, LLP
10050 North Wolfe Road Suite 260
Cupertino, CA 95014
bshariati@wcsr.com

**Christopher R. Smith** (Representing Sportsman's Warehouse, Inc.)
Lindquist & Vennum PLLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
csmith@lindquist.com

**Jacob Steven Wharton** (Representing Lakeland Gear, Inc.)
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
jwharton@wcsr.com

Executed on June 28, 2013, at San Diego, California.

/s/ Gary L. Eastman
Gary L. Eastman, Esq.