PETER GERGELY (CO SBN 24564)
   APPEARING *PRO HAC VICE*
DANA JOZEFCZYK (CO SBN 41501)
   APPEARING *PRO HAC VICE*
GREG G. JOHNSON (CA SBN 247546)
MERCHANT & GOULD, P.C.
1050 17th Street, Suite 1950
Denver, Colorado 80265
Telephone:  (303) 357-1670
Facsimile:  (303) 357-1671
pgergely@merchantgould.com
djozefczyk@merchantgould.com
gjohnson@merchantgould.com

Attorneys for Plaintiffs-Counterdefendants
ENEL COMPANY, LLC and LEE B. CARGILL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENEL COMPANY, LLC, a California Limited Liability Company, and LEE B. CARGILL, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID R. SCHAEFER, an individual, LAKELAND ENTERPRISES, INC., a South Carolina Corporation, LAKELAND GEAR, INC., aka RIGHTLINE GEAR, a North Carolina Corporation, CABELA'S INCORPORATED, a Delaware Corporation, SPORTSMAN'S WAREHOUSE, INC., a Utah Corporation, and AMAZON.COM, INC., a Delaware Corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED CROSS AND<br><br>COUNTER CLAIMS | Case No. 3:12-cv-01369-IEG-WMC<br><br>**PLAINTIFFS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' THIRD AFFIRMATIVE DEFENSES OF ESTOPPEL, LACHES, AND WAIVER AND RESPONSE BRIEF IN OPPOSITION TO DEFENDANT RIGHTLINE GEAR, INC.'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  September 16, 2013<br>Time:  10:30 a.m.<br>Courtroom:  4D<br>Judge:  Hon. Irma E. Gonzalez |

1

Plaintiffs ENEL Company, LLC ("ENEL") and Lee B. Cargill ("Cargill") (hereinafter "Plaintiffs") respectfully submit this Consolidated Reply Brief in Support of Motion for Partial Summary Judgment on Defendants' Third Affirmative Defenses of Estoppel, Laches, and Waiver and Response Brief in Opposition to Defendant Rightline Gear, Inc.'s Cross-Motion for Partial Summary Judgment ("DKT. 91"):

## I.   SUMMARY OF ARGUMENT

Rightline Gear, Inc. (hereinafter "Rightline") is not a successor-in-interest in privity with Lakeland Enterprises, Inc. (hereinafter "Lakeland Enterprises"). Because Rightline is not in privity, it cannot "tack" onto the alleged defenses of equitable estoppel, laches and waiver that are personal to Lakeland Enterprises. Even if Rightline is a successor-in-interest in privity with Lakeland Enterprises, its defenses of equitable defenses likewise fail as Rightline was not prejudiced by Plaintiffs' silence.

## II.   LEGAL STANDARDS

### A.   Legal Standard for Summary Judgment

A court shall grant a motion for summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  The burden is on the

2

moving party to demonstrate that it is entitled to summary judgment. See *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998) (citing *Anderson*, 477 U.S. at 256-57). Because summary judgment is a "drastic device" that cuts off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any genuine issue of material fact. See *Avalos v. Baca*, No. 05-CV-07602-DDP, 2006 U.S. Dist. LEXIS 58342, 2006 WL 2294878 (C.D. Cal. Aug. 7, 2006) (quoting *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999)).  In ruling on a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party. S*cott v. Harris*, 550 U.S. 372, 378, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

B.    **Legal Standard for Equitable Estoppel**

"An [equitable] estoppel case . . . has three important elements. (1) The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The other relies upon that communication. (3) And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct." *A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992).  Material harm is sometimes labeled "prejudice."  As with laches, the prejudice may be a change of economic position or loss of evidence. See, e.g.,

*Advanced Hydraulics v. Otis Elevator Co.*, 525 F.2d 477, 481-82 (7th Cir. Ill. 1975).

C.     **Legal Standard for Laches**

Laches requires a defendant to prove two factors: (1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the delay operated to the prejudice or injury of the defendant.  *See Costello v. United States*, 365 U.S. 265, 282, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961). Generally, a presumption of laches is invoked when a patentee waits at least six years to file suit.  *Aukerman*, 960 F.2d at 1036.  By comparison, a three or four-year delay is considered unreasonable "only when that delay was accompanied by extraneous improper tactics or misleading conduct by the plaintiff." See, e.g., *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1572 (Fed. Cir. 1989) (plaintiff told defendant "that possessing some right to the patent was unimportant to him") At all times, the defendant bears the ultimate burden of persuasion of the affirmative defense of laches.  *Aukerman*, 960 F.2d at 1038.

III.   **RIGHTLINE IS NOT IN PRIVITY WITH LAKELAND ENTERPRISES AND CANNOT RELY ON COMMUNICATIONS MADE TO LAKELAND ENTERPRISES IN SUPPORT OF ITS EQUITABLE DEFENSES**

A.     **Determination of this Issue is Ripe for Summary Judgment**

4

As asserted by both Plaintiffs and Rightline, the determination of whether

Rightline is a successor-in-interest in privity with Lakeland Enterprises is a matter

that is ripe for Summary Judgment.  *See* DKT. 85, p. 3, n. 1, DKT. 91, p. 3.

B.    **Rightline Cannot "Tack" onto Lakeland Enterprises Defenses.**

Plaintiffs do not dispute that equitable defenses are fact intensive

determinations.  However, whether or not Rightline can "tack" onto Lakeland

Enterprises defenses is a pure legal question.   Federal Circuit law allowsthe

defense of equitable estoppel to be asserted by "successors-in-interest" where

privity has been established." *Radio Sys. Corp. v. Lalor*, 2013 U.S. App. LEXIS

4644 at *33 (Fed. Cir. Mar. 6, 2013).  For the reasons and case law cited in

Plaintiffs' opening brief, Rightline is not a successor-in-interest in privity with

Lakeland Enterprises.

Rightline's cited cases are inapposite:  *John C. Flood of Virginia, Inc. v.*

*John C. Flood, Inc.*, 700 F. Supp. 2d 90, 98-99 (D.D.C. 2010) (entity was a

"successor-in-interest" to original owner of trademarks because it purchased all

assets and stock, purchased trade names, and maintained common ownership);

*Kloster Speedsteel,* 793 F.2d at 1582 (relates to joinder of party of Fed. R. Civ. P.

25(c)); *Horphag Research Ltd. v. Consac Indus., Inc.*, 116 F.3d 1450, 1453-54

(Fed. Cir. 1997)(relates to joinder of party of Fed. R. Civ. P. 25(c)); *Minn. Mining*

*& Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)(relates to

joinder of party of Fed. R. Civ. P. 25(c)); *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1341 (Fed. Cir. 2001) (referring to statements of non-liability as binding on "successor-in-interest of the '202 patent"); *Bardoon Properties, NV v. Eidolaon Corp.*, 326 S.C. 166, 168, 485 S.E.2d 371, 372 (1997) (real estate transaction in which the purchaser of all the real estate was deemed the "successor-in-interest" to a lease).

For a communication in support of an equitable estoppel defense to "tack" from a predecessor-in-interest to a "successor-in-interest," the parties must be in privity. *See Radio Sys. Corp.* at *33. Privity requires either complete transfer of a corporation or financial control of one party over another. *See* DKT 85-1 at 4. This requirement is highlighted by the cases previously discussed in Plaintiffs' Motion for Partial Summary Judgment, as well as the cases cited by Rightline, and the cases cited by Rightline's authority. *See Jamesbury,* 646 F. Supp. 1495, 1501 n. 3 ("Litton stepped into the shoes of Centromatics and is liable for any knowledge that may be imputed to that firm, but also is entitles to rely on the absence of communication both to Contromatics and to it, especially in view of the fact that apparently Contromaticas, along with its employees, was actually subsumed into Litton with little change other than the name on its business cards"); *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted) ("Even

when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest").

Rightline did not "step into the shoes" of its predecessor, Lakeland Enterprises. Rightline purchased only selected assets ("the non-real property of the Seller…"), prior accounts receivable were excluded from the transfer, and management changed from David Schaefer to Loran Evans. *See* DKT. 85-2, Section 1.1., 7.5, and Schedule 1.1. Rightline did not assume any of Lakeland Enterprises' contracts, debts, obligations, or liabilities. *See* DKT. 85-2, Section 7.7. The facts are clear - ownership change coupled with selected asset transfer and liability retention by the seller created a *new* separate legal entity with no liability or responsibility for the business of Lakeland Enterprises. Rightline did not step into the shoes of Lakeland Enterprises. Consequently, Rightline has no claim to reliance on any communications made to Lakeland Enterprises by Plaintiffs.

C.   **Rightline's Equittable Estoppel Defense Fails**

Equitable estoppel requires reliance on a misleading communication. Rightline seeks to rely on Plaintiffs' 2003 communications to Lakeland Enterprises and Plaintiffs' subsequent silence. However, Rightline is not a successor-in-interest in privity with Lakeland Enterprises, and communications personal to Lakeland Enterprises do not run to Rightline. As Rightline cannot "tack" onto

communications made to Lakeland Enterprises, Rightline cannot establish an equitable estoppel defense.  Prior to the cease and desist letters sent by Plaintiffs in May of 2012, Plaintiffs never made any communication with Rightline, let alone a misleading one.  When the matter was not resolved, Plaintiffs duly filed suit in June of 2012.   Without reliance on a misleading communication, Rightline fails to establish any of the elements of equitable estoppel.

D.    **Rightline's Laches Defense Fails**

Laches requires notice, either actual or constructive, of a party's infringing activities.  Since notice of a party's activities is required, the defense of laches is personal to a particular party.  *Aukerman*, 960 F. 2d at 1032.  At the earliest, Plaintiffs' could have had constructive notice of Rightline's infringing activities as of November 6, 2008, the date on which the Rightline website went live.  *See* Ex. A, screenshot of ownership of rightlinegear.com.  From the website launch date until suit was filed on June 6, 2012, exactly 3 years and nine months lapsed.  This delay falls squarely within the three to four year window that requires "misleading conduct" to support a finding of laches.  *MCV, Inc,* 870 F.2d at 1572.  However, Plaintiffs' did nothing to mislead Rightline within this period.  Moreover, Rightline cannot rely on communications previously made to Lakeland Enterprises as Rightline is not a successor-in-interest in privity and those communications are "personal" to Lakeland Enterprises.  Plaintiffs' three year and nine month delay in

filing suit falls far short of the six year mark.  Without misleading conduct, Plaintiffs' delay in filing suit is not unreasonable and Rightline's laches defense likewise fails.

**IV.   EVEN IF RIGHTLINE IS A SUCCESSOR-IN-INTEREST IN PRIVITY WITH LAKELAND ENTERPRISES, RIGHTLINE FAILS TO ESTABLISH THAT IT WAS PREJUDICED BY PLAINTIFFS' SILENCE**

A.        **Rightline's Motion is Based on Disputed Facts, Rendering Summary Judgment Improper**

Summary judgment on equitable defenses *based on facts specific to Rightline* is improper.  *See* DKT. 91, p. 3.  Rightline based much of its summary judgment motion on eighty two "material facts," many of which are disputed by Plaintiffs.  *See* Response to Defendant Rightline Gear, Inc.'s Statement of Material Facts, submitted herewith.  The disputed nature of the facts supporting Rightline's Motion render summary judgment inappropriate.

B.        **Rightline did not Rely on Plaintiffs' Silence to its Prejudice.**

If the court denies Plaintiffs' Motion for Partial Summary Judgment and finds that Rightline is in privity with Lakeland Enterprises, Rightline has and will claim that it relied on Plaintiffs' silence following the 2003 communications to Lakeland Enterprises to its detriment.  For laches, Rightline argues that the 2003 communications began tolling the laches clock, giving rise to a presumption of laches after a nine year delay in filing suit.  *See* DKT. 91, p. 11-14.  For equitable

estoppel, Rightline argues that it relied on the 2003 communications and Plaintiffs' subsequent silence.

Even if Rightline's arguments are accepted as true, prejudice, either economic or evidentiary, is required to establish an equitable estoppel defense and lack of prejudice rebuts a presumption of laches.  *See Aukerman*, 960 F. 2d at 1038 ("A patentee may similarly eliminate the presumption with an offer of evidence sufficient to place the matters of defense prejudice and economic prejudice genuinely in issue."); *Id.*, at 1043("As opposed to laches, no presumption adheres to an equitable estoppel defense.   Despite a six-year delay in suit being filed, a defendant must prove all of the factual elements of estoppel on which the discretionary power of the court rests.")

To successfully demonstrate that reliance on a communication is economically prejudicial, a party must show that the alleged economic prejudice is "related to the actions taken by patentee."  *ABB Robotics v. GMFanuc Robotics Corp.,* 52 F.3d 1062, 1065 (Fed. Cir. 1995).  Evidentiary prejudice may arise "by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts."  *Aukerman,* at 1033.  Rightline has failed to demonstrate the necessary evidentiary or economic prejudice, thus rendering summary judgment improper.

### C.  Rightline Fails to Establish Economic Prejudice

Economic prejudice "must result from the plaintiff's delay and not from a business decision or gamble that the patent owner would not sue*." Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 775 (Fed. Cir. 1995).  Reliance on non-infringement opinions, such that the defendant would not have acted differently if it had been sued earlier, is further evidence that economic prejudice is lacking.  *See Hearing Components, Inc. v. Shure Inc.,* 600 F.3d 1357, 1376 (Fed. Cir. 2010) (defendant "knew about patents in suit long before suit was filed, and the court permissibly found that [defendant]…had relied on non-infringement opinions of counsel, such that it would not have acted differently if it had been sued earlier.")

Rightline alleges that, but for the silence of Plaintiffs, Rightline would not have invested in the business purchased from Lakeland Enterprises.  Rightline, however, did not rely on Plaintiffs' silence.  Rather, Rightline relied on its own investigation before the purchase as well as non-infringement opinions it obtained *after* Lakeland Enterprises was purchased.  Rightline alleges as follows:

- "Rightline did, however, learn from Mr. Schaefer in 2008 that Mr. Schaefer learned about plaintiffs' '784 Patent very early in the launch of his truck tent and that he redesigned the tent to avoid infringement.  Mr. Evans studied the '784 Patent during his due diligence in July and August 2008 and based on his study of the patent and the representations made by Mr. Schaefer and Lakeland, including those in the agreement whereby Rightline acquired Lakeland's business, concluded there were no threats of infringement."  *See* DKT 91, p. 9-10.

- "In 2009, Rightline sought advice on plaintiffs' '784 Patent…to make sure there were no infringement issues after learning of the '784 Patent when Rightline purchased the business from Lakeland and Mr. Schaefer…As part of these communications with counsel, Rightline received legal advice in 2009, indicating that Rightline's truck tent did not infringe any claim of the '784 Patent." *See* DKT. 91, p. 11

- "In early 2009, Mr. Evans was investigating ways to improve upon the CampRight Tent design.  Mr. Evans desired a more even attachment of the tent of the side of a truck's cargo bed.  Being aware of the '784 Patent, Mr. Evans wanted to see if there was any way to add clips to the cargo bed without potentially infringing one or more claims of the '784 Patent.  Mr. Evans had already planned a meeting with Mr. Stephen Chapman, a patent attorney from Clemson, South Carolina, regarding another Rightline product not in issue in this action.  Mr. Evans decided to discuss the truck tent issue with Mr. Chapman in the same meeting.  *See* Ex. B, Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants, at p. 15.

The above facts show that Rightline's purchase of Lakeland Enterprises was a business decision based on its own independent investigation that would have been made regardless of any reliance on Plaintiffs' silence.  Mr. Evans believed that the CampRight Tent did not infringe the '784 Patent.  He conducted his own investigation of the CampRight Tent prior to the purchase of Lakeland Enterprises and reached this conclusion.  If he was truly concerned with a possible infringement action, Mr. Evans could have "at least, engaged in additional due diligence before purchasing the business, up to and including contacting plaintiffs to determine if there remained any threat of an infringement action." *See* DKT 91, at p. 10.  In fact, Mr. Evans was so confident in his non-infringement position that he did not seek out a non-infringement opinion from a patent attorney until *after*

the purchase of Lakeland Enterprises. At this point, he used the opinion of the

patent attorney to convince himself that changes to the CampRight Tent still would

not infringe the '784 Patent.  A year later, Mr. Evans provided Cabela's with "a

document stating how or why its tents did not infringe any of the vehicle tent

patents in existence."  *See* Ex. B, at p. 13.   These actions are not those of a

company that is relying on the silence of another.  These actions are those of a

company that is relying on its own investigation and opinions of counsel.  Under

these circumstances, Rightline equitable defenses fail.   *See Hearing Components,*

*Inc,* 600 F.3d at 1376.  Rightline would not have behaved differently if it had been

sued earlier because it did not believe that it infringed the '784 Patent.  Rightline's

failure to demonstrate a nexus between Plaintiffs' delay and Rightline's business

investments is insufficient to demonstrate economic prejudice.

D.   **Rightline Fails to Establish Evidentiary Prejudice**

Evidentiary prejudice amounts from an inability to present a full and fair

defense, essentially handicapping the court from making a judgment based on all

the facts.  Rightline has not specifically identified any records which have been

destroyed since 2008 and are necessary to Rightline's defense.  Rightline has not

alleged that any key witnesses have died, or that they no longer remember essential

facts.  Rightline simply states that it "has not had any reason to retain all

documents form 2008 and shortly thereafter. "  *See* DKT. 91, p. 11.  Conclusory

statements are not sufficient to demonstrate evidentiary prejudice.  *Meyers v. Asics Corp.*, 974 F.2d 1304, 1308 (Fed. Cir. 1992) ("Conclusory statements that there are missing witnesses, that witnesses' memories have lessened, and that there is missing documentary evidence, are not sufficient.")  Rightline's insufficient showing fails to establish that Rightline suffered evidentiary prejudice.

### E.   Rightline Failed to Carry the "Heavy Burden" Demonstrating the Absence of any Disputed Material Fact

The facts, as presented by Rightline, are highly disputed by Plaintiffs.  Not only do Plaintiffs disagree with Rightline's version of "material facts", Plaintiffs further contend that Rightline has failed to demonstrate the requisite prejudice.  Rightline's Motion fails to meet the high bar set for summary judgment motions, and should be denied by this Court.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Partial Summary Judgment on Defendants' Third Affirmative Defenses of Estoppel, Laches, and Waiver, and deny Rightline's Cross-Motion for Partial Summary Judgment.

Respectfully submitted,

MERCHANT & GOULD P.C.

Date:  September 3, 2013          *s/ Peter Gergely*
                                  Peter Gergely (*pro hac vice*)

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFFS'**
**CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION FOR**
**PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' THIRD**
**AFFIRMATIVE DEFENSES OF ESTOPPEL, LACHES, AND WAIVER**
**AND RESPONSE BRIEF IN OPPOSITION TO DEFENDANT RIGHTLINE**
**GEAR, INC.'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**
was served on September 3, 2013, on the following by the methods indicated
below pursuant to Civil Local Rule 5.4(c).

### Electronic Service Via CM/ECF

**Jacob Wharton**
Womble Carlyle Sandridge & Rice,
LLP
1 West 4th Street
Winston-Salem, NC 27101
Email: jwharton@wcsr.com
**Behrooz Shariati**
Womble Carlyle Sandridge & Rice,
LLP
10050 N. Wolfe Road, Suite 260
Cupertino, CA 95014
Email: bshariati@wcsr.com
*Attorneys for Defendants*
*Lakeland Gear, Inc.,*
*Cabela's Incorporated, and*
*Sportman's Warehouse, Inc.*

**Robert T. Cruzen**
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600

**Christopher R. Smith**
Lindquist & Vennum PLLP
4200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Email: csmith@lindquist.com
*Attorneys for Defendant Sportsman's*
*Warehouse, Inc.*

**Gary L. Eastman**
Gary L. Eastman, Esq., APLC
401 West "A" Street, Suite 1785
San Diego, CA 92101
Email: gary@garyeastman.com
*Attorneys for Defendants*
*David R. Schaefer, and*
*Lakeland Enterprises, Inc.*

Portland, OR 97204
Email: rob.cruzen@klarquist.com
*Attorneys for Defendant*
*Amazon.com, Inc.*

*s/ Peter Gergely*
Peter Gergely

# <u>TABLE OF EXHIBITS</u>

Exhibit A:  Rightlinegear.com whois internet domain registry ................................1

Exhibit B:  Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and Things to Defendant Lakeland Gear, Inc. aka Rightline Gear (Nos. 1-22) ........................................................................................4

# EXHIBIT A



| | | | | | | |
|---|---|---|---|---|---|---|
| Domains | Web Hosting | Email | SSL | Website Builder | WHOIS | Support |

## rightlinegear.com registry whois
Updated 1 second ago - Refresh

Domain Name: RIGHTLINEGEAR.COM
Registrar: TIGER TECHNOLOGIES LLC
Whois Server: whois.tigertech.net
Referral URL: http://www.tigertech.net
Name Server: NS1.TIGERTECH.NET
Name Server: NS2.TIGERTECH.BIZ
Name Server: NS3.TIGERTECH.ORG
Status: clientTransferProhibited
Updated Date: 27-sep-2012
Creation Date: 06-nov-2008
Expiration Date: 05-dec-2014

**Hot Deals!**



**.BIZ @ $3.88** ~~$9.88~~

## rightlinegear.com registrar whois
Updated 1 second ago

NOTICE: Access to Tiger Technologies WHOIS information is provided to assist you in determining the contents of a domain name registration record. The data in this record is provided for informational purposes only, and Tiger Technologies does not guarantee its accuracy. You agree that you will use this data only for lawful purposes and that under no circumstances will you use this data to allow, enable, or otherwise support the transmission of unsolicited bulk communications by e-mail, telephone, or facsimile. All rights reserved.

-----------------------------------------------------------
The information below is valid for sending registered postal mail, leaving a phone message, or sending e-mail. However, it uses a forwarding service that attempts to discard marketing material, solicitations, and "spam".

If you want to contact the administrator of this domain name about a routine issue, send an e-mail message to:

**rightlinegear.com-admin-201308-3f8599**@whois.tigertech.net

It will be delivered to the person responsible for the content of the domain name.

If you have a legal issue regarding this domain name, be sure to send registered mail. Non-registered mail may be discarded.
-----------------------------------------------------------
Domain Name: rightlinegear.com
Created On: 2008-11-06T23:08:17Z
Last Transferred: 2012-09-25T12:42:55Z
Expiration Date: 2014-12-06T04:59:59Z
Registrant Name: Rightline Gear
Address Note: See notice above before sending legal documents
Registrant Street1: c/o Tiger Technologies LLC
Registrant Street2: PO Box 7596, Dept W33656
Registrant Street3:
Registrant City: Berkeley
Registrant State/Province: CA
Registrant Postal Code: 94707-0596
Registrant Country: US
Admin Name: Rightline Gear
Address Note: See notice above before sending legal documents
Admin Street1: c/o Tiger Technologies LLC
Admin Street2: PO Box 7596, Dept W33656
Admin Street3:
Admin City: Berkeley
Admin State/Province: CA
Admin Postal Code: 94707-0596
Admin Country: US
Admin Phone: +1.5104951600
Admin Email: **rightlinegear.com-admin-201308-3f8599**@whois.tigertech.net
Tech Name: Tiger Technologies LLC
Tech Street1: c/o Tiger Technologies LLC
Tech Street2: PO Box 7596, Dept W33656



# Web Hosting

Host Unlimited Domains

Starts @ **$7.88** per month

✔ Unlimited Disk Space
✔ Unlimited Data transfer
✔ Unlimited Databases
✔ Unlimited Email Accounts
✔ 30 Day Money Back Guarantee

**View Plan**

Exhibit A
Page 2
1/2

Tech Street3:
Tech City: Berkeley
Tech State/Province: CA
Tech Postal Code: 94707-0596
Tech Country: US
Tech Phone: +1.5104951600
Tech Email: **rightlinegear.com-tech-201308-c8d470**@whois.tigertech.net
Name Server: NS1.TIGERTECH.NET
Name Server: NS2.TIGERTECH.BIZ
Name Server: NS3.TIGERTECH.ORG

## related domain names

tigertech.net     tigertech.biz     tigertech.org

| Domains | Hosting & Products | Infrastructure | Support | |
|---|---|---|---|---|
| Register Domain Name | Linux Hosting | Datacenter Details | View Knowledge Base | Follow us on Twitter for Exclusive Offers! |
| View Domain Pricing | Windows Hosting | Hosting Security | Contact Support | |
| Bulk Domain Register | Linux Reseller Hosting | 24 x 7 Servers Monitoring | Report Abuse | |
| Bulk Domain Transfer | Windows Reseller Hosting | Backup and Recovery | About Whois | |
| Whois Lookup | Website Builder | | | |
| Name Suggestion Tool | Email | | | |
| Free with Every Domain | SSL | | | |
| View Promos | | | | |

Copyright © Whois. All rights reserved

Privacy Policy | Legal Agreement

# EXHIBIT D

1   BEHROOZ SHARIATI (State Bar No. 174436)
    WOMBLE CARLYLE SANDRIDGE & RICE, LLP
2   10050 North Wolfe Road, Suite 260
3   Cupertino, CA 95014
    Telephone: (408) 341-3040
4   Facsimile: (408) 703-5440
    Email: bshariati@wcsr.com
5
6   JACOB WHARTON (Admitted Pro Hac Vice)
    WOMBLE CARLYLE SANDRIDGE & RICE, LLP
7   One West Fourth Street
    Winston-Salem, NC  27101
8   Telephone:  (336) 747-6609
    Facsimile:   (336) 726-6985
9   Email:  jwharton@wcsr.com
10
    Attorneys for Defendants/Counterclaimants
11  LAKELAND GEAR, INC.
12  CABELA'S INCORPORATED
    SPORTSMAN'S WAREHOUSE, INC.
13
14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16  ENEL COMPANY, LLC; LEE B. CARGILL,

17              Plaintiffs,                  Case No.: 3:12–cv–01369-IEG-WMc

18        v.                                **RESPONSES AND OBJECTIONS TO
19  DAVID R. SCHAEFER; LAKELAND             PLAINTIFFS' FIRST SET OF
    ENTERPRISES, INC.; LAKELAND GEAR,       REQUESTS FOR PRODUCTION OF
20  INC. a/k/a Rightline Gear; CABELA'S     DOCUMENTS AND THINGS TO
    INCORPORATED, SPORTSMAN'S               DEFENDANT LAKELAND GEAR, INC.
21  WAREHOUSE, INC.; AMAZON.COM,            aka RIGHTLINE GEAR (Nos. 1-22)**
    INC.; RIGHTLINE GEAR,
22
23              Defendant**s.**

24

25

26

27                              -1-

28

Exhibit B
Page 5

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Lakeland Gear, Inc., n/k/a Rightline Gear, Inc. ("Rightline") responds to Plaintiffs' First Set of Requests for Production of Documents and Tangible Things to Defendant Lakeland Gear, Inc., aka Rightline Gear ("Plaintiffs' Requests") as follows:

### GENERAL OBJECTIONS

1.     Rightline objects to Plaintiffs' Requests to the extent they intend to impose upon Rightline a duty of disclosure or other obligation not required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of California. Further, Rightline objects to Plaintiffs' Requests to the extent they seek information or documents outside the scope allowed or otherwise limited or barred by Rule 26 of the Federal Rules of Civil Procedure including, without limitation, requests directed to Rightline's agents and representatives.

2.     Rightline objects to Plaintiffs' Requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.     Rightline objects to Plaintiffs' Requests to the extent they are repetitious, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, pertain to extraneous subject matters, are overly broad as to time, scope and subject matter. Rightline further objects to Plaintiffs' Requests to the extent they are vague, ambiguous, or not susceptible to a reasonably clear definition or interpretation. Rightline further objects to Plaintiffs' Requests to the extent they purport to ask for information, documents or other materials that reach beyond the scope and period of time relevant to the allegations and claims at issue. These responses and any eventual Rightline production are based on a reasonably diligent

-2-

Exhibit B
Page 6

search for and review of information in those areas where information of the type requested would be expected to be found.

4.      Rightline objects to Plaintiffs' Requests to the extent they purport to call for the production or disclosure of privileged information, documents, materials, information or matters, including but not limited to those protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the self evaluative privilege, or the privilege accorded to settlement materials. Rightline responds to Plaintiffs' Requests on the condition that the inadvertent production of information or documents covered by such privilege, rule, or doctrine does not waive any of Rightline's rights to assert such privilege, rule, or doctrine and that Rightline may withdraw or recover any such information or documents that are inadvertently produced.

5.      Rightline objects to Plaintiffs' Requests on the grounds that they are overly broad in scope, and seek to impose an obligation on Rightline to respond on behalf of persons or entities that are not parties to this litigation and are not subject to discovery as a party on the basis that such requests are overly broad, onerous, burdensome, and seek information that is not within the knowledge of Rightline. Such a burden is not permissible under the Federal Rules of Civil Procedure. Further, the instructions are improper to the extent that they seek the mental impressions, conclusions, opinions, or legal theories of legal counsel or any other information protected by the attorney-client privilege or the work product doctrine.

6.      Rightline objects to Plaintiffs' Requests to the extent they ask for information, documents, or other materials with a degree of precision and detail that is not reasonably attainable considering the resources that are within Rightline's possession and control.

-3-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 7

7.      Rightline objects to Plaintiffs' Requests to the extent they contain no reasonable limitations considering the information requested and the allegations and claims at issue.

8.      Rightline objects to Plaintiffs' Requests to the extent they call for a legal conclusion.

9.      Rightline objects to Plaintiffs' Requests to the extent they contain or are predicated upon legal or factual assumptions that are incorrect or that are not in evidence.

10.     Rightline objects to Plaintiffs' Requests to the extent they purport to require Rightline to provide information, materials, or documents outside of its possession, custody, or control; already in possession of Plaintiffs; obtainable by or already obtained from other parties to this litigation, including manufacturers of the accused products; or in the public domain such that it is as readily available to Plaintiffs as it is to Rightline.

11.     Rightline objects to Plaintiffs' Requests to the extent they seek information and other materials that are confidential, proprietary, or contain trade secrets not covered by the Protective Order entered in this matter (ECF No. 66).

12.     Rightline incorporates its General Objections by reference as though fully set forth into their specific response to each and every one of Plaintiffs' Requests. The stating of specific objections to any particular request is not intended to and does not waive these General Objections. A partial answer to any of Plaintiffs' Requests that has been objected to, in whole or in part, is not intended to be a waiver of any objection.

13.     Rightline's discovery and investigation of the facts of this case are continuing. These discovery responses are based on information gathered as of the date of these responses, and are made to the best of Rightline's present knowledge, information, and belief. Rightline

-4-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

reserves the right to amend, revise, or supplement its objections and responses to Plaintiffs' Requests at any time as additional information or documents become known and Rightline makes these objections and responses without prejudice to its right to rely on any subsequently discovered documents or information. A response that indicates that documents will be made available should not be interpreted to mean that such documents exist.

14.     These responses are made solely for the purpose of providing information in discovery pursuant to the Federal Rules of Civil Procedure. Rightline reserves any and all objections including, without limitation: (a) all questions of competency, relevancy, materiality, privilege, or admissibility of evidence, (b) the right to object on any ground to the use of any response or the subject matter thereof, and (c) the right to object on any ground, at any time, to a demand for further responses to these or other discovery requests.

15.     Notwithstanding the foregoing general objections and any other objections available to it now or at trial, and without waiving them, Rightline responds as follows:

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–CV–01369 IEG (WMc)

Exhibit B
Page 9

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things in your possession or control that you referred to, relied on, reviewed, discussed, or consulted, or consulted when drafting the responses to each of the interrogatories contain [sic] in Plaintiff's [sic] First Set of Interrogatories to Defendants Lakeland Gear, aka Rightline Gear, Cabela's Incorporated, Sportsman's Warehouse, Inc., and Amazon.com, Inc.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline further objects to this request on the same basis Rightline stated in its objections to Plaintiffs' First Set of Interrogatories. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things Rightline "referred to, relied on, reviewed, discussed, or consulted" concerning the subject matter of the request. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things in your possession or control referring to, relating to, evidencing, explaining, or comprising any analysis suggesting or purporting to demonstrate that the '784 Patent is valid or invalid.

-6-

Exhibit B
Page 10

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, evidencing, explaining, or comprising" the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Rightline objects to this request to the extent it contravenes or attempts to impose obligations beyond the local patent rules, and local patent rules 3-3 and 3-4 in particular, whether in terms of the timing or the substance of production and disclosure required under those rules. Rightline will comply with those rules at the appropriate time. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3**

All documents and things in your possession or control referring to, relating to, evidencing, explaining, or comprising any analysis suggesting or purporting to demonstrate that the '784 Patent is enforceable or unenforceable.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, evidencing, explaining, or comprising" the subject matter of the request.

-7-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 11

Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4**

All documents and things in your possession or control referring to, relating to, evidencing, explaining, or comprising any analysis suggesting or purporting to demonstrate that you infringe or do not infringe the '784 Patent.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, evidencing, explaining, or comprising" the subject matter of the request. Rightline further objects on the grounds that it is overly broad and unduly burdensome to the extent it relates to products for which Plaintiffs have not provided adequate claim construction or infringement contentions. As the Plaintiffs in this action, Enel and Mr. Cargill have the burden of proving infringement. It is unreasonably burdensome to require Rightline to investigate or produce products that Plaintiffs may never accuse of infringement. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

-8-

**REQUEST FOR PRODUCTION NO. 5**

All documents and things in your possession or control referring to, relating to, explaining, evidencing, or analyzing any purported prior art (whether patent, printed publication, sale, offer for sale, or device) to any of the claims of the '784 Patent.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, explaining, evidencing, or analyzing" the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Rightline objects to this request to the extent it contravenes or attempts to impose obligations beyond the local patent rules, and local patent rules 3-3 and 3-4 in particular, whether in terms of the timing or the substance of production and disclosure required under those rules. Rightline will comply with those rules at the appropriate time. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6**

All documents and things in your possession or control that you allege comprise prior art (whether patent, printed publication, or device) to any of the claims of the '784 Patent.

-9-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12−CV−01369 IEG (WMc)

Exhibit B
Page 13

**RESPONSE:**

Rightline objects to this request as duplicative of Request No. 6 and hereby incorporates by reference in their entirety the responses and objections set forth above in response to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7**

All documents and things in your possession or control referring to, relating to, or concerning the level of skill of a person skilled in the art of pickup truck tents at the time of filing of the '784 Patent.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, or concerning" the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request to the extent it contravenes or attempts to impose obligations beyond the local patent rules, and local patent rules 3-3 and 3-4 in particular, whether in terms of the timing or the substance of production and disclosure required under those rules. Rightline will comply with those rules at the appropriate time. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

-10-

Exhibit B
Page 14

**REQUEST FOR PRODUCTION NO. 8**

All documents and things in your possession or control referring to, relating to, discussing, describing, or constituting communications between you and any other person or entity that concern, discuss, mention, refer to, relate to, or address the '784 Patent.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "referring to, relating to, discussing, describing, or constituting" the subject matter of the request. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 9**

All documents and things in your possession or control relating to, referring to, evidencing, or comprising design plans, engineering plans, engineering and production models, prototypes, drawings, specifications, laboratory notebooks, layout diagrams, technical white papers, engineering application notes, technical manuals, and schematics for each accused CampRight Tent purchased, made, used, offered for sale, sold, imported, or exported by or on behalf of Defendants in the United States since the purchase of assets of Lakeland Enterprises, LLC.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-

-11-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 15

breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to, referring to, evidencing, or comprising" the subject matter of the request. Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the grounds that it is overly broad and unduly burdensome to the extent it relates to products for which Plaintiffs have not provided adequate claim construction or infringement contentions. As the Plaintiff in this action, Enel has the burden of proving infringement. It is unreasonably burdensome to require Rightline to investigate or produce products that Plaintiff may never be accused of infringement. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 10**

One (1) sample of each of the accused CampRight Tent models purchased, made, used, offered for sale, sold, imported, or exported by or on behalf of Lakeland Gear, aka Rightline Gear, in the United States since the purchase of assets of Lakeland Enterprises, LLC.

**RESPONSE:**

Rightline objects to this request on the grounds that it is overly broad and unduly burdensome to the extent it relates to products for which Plaintiffs have not provided adequate claim construction or infringement contentions. As the Plaintiff in this action, Enel has the burden of proving infringement. It is unreasonably burdensome to require Rightline to investigate or produce products that Plaintiffs may never accuse of infringement. Rightline further objects to this request to the extent that Enel and Mr. Cargill should have obtained samples of any accused product before filing suit to conduct an adequate prefiling investigation.

-12-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 16

**REQUEST FOR PRODUCTION NO. 11**

All documents and things in your possession or control supporting, tending to support, contradicting, or tending to contradict your assertion that damages, or at least a portion thereof, are barred by the doctrine of laches.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "supporting, tending to support, contradicting, tending to contradict" the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 12**

All documents and things in your possession or control you referred to, relied on, reviewed, discussed, or consulted when drafting Joining Defendants [sic]/Counterclaimants' Answer and Counterclaim (DKT. 18).

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine.  Rightline objects on the basis of over-

-13-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 17

breadth and undue burden stemming from Plaintiffs' request for all documents and things Rightline "referred to, relied on, reviewed, discussed, or consulted" concerning the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 13**

All documents and things in your possession or control relating to your gross profit, net profit, and/or operating cost projections for each of the CampRight Tents made, used, offered for sale, sold, imported, or exported by or on behalf of Defendant, in the United States.

**RESPONSE:**

Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to" the subject matter of the request. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 14**

All documents and things in your possession or control relating to your efforts to market, promote, advertise, sell, and/or offer for sale each of the CampRight Tents purchased, made,

-14-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–CV–01369 IEG (WMc)

Exhibit B
Page 18

used, offered for sale, sold, imported, or exported by or on behalf of Defendant, in the United States.

**RESPONSE:**

Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to" the subject matter of the request and stemming from its request for publicly available materials including advertisements or other marketing materials accessible to anyone. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 15**

For each of the CampRight Tents that has been sold by Defendants in the United States, documents sufficient to evidence:

(a)     the customer(s) to whom such CampRight Tents have been sold;

(b)     the number of such CampRight Tents that have been sold, by customer, by year, and total;

(c)     the revenue received on sales of such CampRight Tents, by customer, by year, and total;

(d)     the manufacturing cost on sales of such CampRight Tents, by year;

(e)     the total cost on sales of such CampRight Tents, by year;

(f)     the gross margin on sales of such CampRight Tents, by customer, by year, and total;

-15-

     (g)     the operating margin on sales of such CampRight Tents, by customer, by year, and total.

     (h)     any salary and/or labor costs of Loran Evans or his family members included in the expenses subtracted from gross profit to determine net profit. If allocated by product lines, show method of allocation.

**RESPONSE:**

Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for documents "sufficient to evidence" the subject matter of the request. Rightline further objects on the grounds that the term "sufficient to evidence" is vague and ambiguous. Rightline objects to the extent the request refers to the sale of accused products to customers for resale when Rightline has no knowledge whether certain customers purchase accused products for their own use or resale. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

-16-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 20

**REQUEST FOR PRODUCTION NO. 16**

All documents and things in your possession or control relating to the purchase of the assets of Lakeland Enterprises, Inc. from David Schaeffer, including but not limited to sales contracts, negotiations, communications, financial models/forecasts of revenues and profits by asset classes (1. CampRight truck tents; and 2. Vehicle Packs), inventory assets transferred, and other information considered by you before and up to the purchase of the assets of Lakeland Enterprises, Inc.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine.  Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to" the subject matter of the request. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 17**

All documents and things in your possession or control relating to creation and/or design of any the CampRight Tent models by you, Co-Defendants, or any other third party.

**RESPONSE:**

Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to" the subject matter of the request. Subject to and without waiving these objections and the

-17-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–cv–01369 IEG (WMc)

Exhibit B
Page 21

1   General Objections, non-privileged responsive documents, if any, will be produced at a mutually

2   agreeable time and place.

**REQUEST FOR PRODUCTION NO. 18**

All documents and things in your possession or control relating to future sales of the CampRight Tent, including but not limited to marketing materials, sales forecasts, distribution negotiations, and other information related to future sales of the CampRight Tent.

**RESPONSE:**

Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation. Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "relating to" the subject matter of the request. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 20**

All documents and things in your possession or control mentioning, discussing, or relating to ENEL, the '784 Patent, Lee Cargill, and/or the AdventureTruck Tent.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects to this request on the ground that it seeks information not relevant to the claims or defenses at issue in this litigation.

-18-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12–CV–01369 IEG (WMc)

Exhibit B
Page 22

Rightline further objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "mentioning, discussing, or relating to" the subject matter of the request and stemming from its request for publicly available materials including advertisements or other marketing materials accessible to anyone. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 21**

All documents and things in your possession or control supporting, tending to support, contradicting, or tending to contradict your assertion that damages, or at least a portion thereof, are barred by the doctrine of estoppel.

**RESPONSE:**

Rightline objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-breadth and undue burden stemming from Plaintiffs' request for all documents and things "supporting, tending to support, contradicting, or tending to contradict" the subject matter of the request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to this request as premature to the extent it calls for expert testimony. Subject to and without waiving these objections and the General Objections, non-privileged responsive documents, if any, will be produced at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 22**

-19-

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12−cv−01369 IEG (WMc)

Exhibit B
Page 23

1    All documents and things in your possession or control supporting, tending to support,

2 contradicting, or tending to contradict your assertion that damages, or at least a portion thereof,

3 are barred by an intentional lapse in patent term.

4

5

6

7 **RESPONSE:**

8    Rightline objects to this request to the extent it seeks documents protected from discovery

9 by the attorney-client privilege or work product doctrine. Rightline objects on the basis of over-

10 breadth and undue burden stemming from Plaintiffs' request for all documents and things

11 "supporting, tending to support, contradicting, or tending to contradict" the subject matter of the

12 request. Rightline objects to this request as calling for a legal conclusion. Rightline objects to

13 this request as premature to the extent it calls for expert testimony. Subject to and without

14 waiving these objections and the General Objections, non-privileged responsive documents, if

15 any, will be produced at a mutually agreeable time and place.

16

17

18

19 DATED: April 17, 2013   **WOMBLE CARLYLE SANDRIDGE & RICE LLP**

20       By: /s/ *Jacob S. Wharton*

21

22       Behrooz Shariati (State Bar No. 174436)
        10050 North Wolfe Road, Suite 260

23       Cupertino, CA  95014
        Telephone: (408) 341-3040

24       Email: bshariati@wcsr.com

25       Jacob Wharton (*Admitted Pro Hac Vice*)

26       One West Fourth Street
        Winston-Salem, NC  27101

27       Telephone:  (336) 747-6609

           -20-

28

RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO DEFENDANT LAKELAND GEAR, INC.,
aka RIGHTLINE GEAR (Nos. 1-22)
Case No. 3:12−CV−01369 IEG (WMc)

Exhibit B
Page 24

1

Facsimile:   (336) 726-6985
Email:  jwharton@wcsr.com

2

Attorneys for Defendants/Counterclaimants
LAKELAND GEAR, INC.

3

CABELA'S INCORPORATED
SPORTSMAN'S WAREHOUSE, INC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-21-

28

Exhibit B
Page 25

## CERTIFICIATE OF SERVICE

The undersigned certifies that a true and correct copy of RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO LAKELAND GEAR, INC. aka RIGHTLINE GEAR was served on April 17, 2013 on the following individuals by the method(s) indicated below pursuant to Civil Local Rule 5.4(c).

**Via E-Mail and First Class Mail**

**Peter Gergely**
**Dana Jozefczyk**
**Greg G. Johnson**
Merchant & Gould P.C.
1050 17th Street
Suite 1950
Denver, Colorado 80265
pgergely@merchantgould.com
djozefczyk@merchantgould.com
gjohnson@merchantgould.com
*Attorneys for Plaintiffs Enel Company, LLC*
*and Lee B. Cargill*

**Robert T. Cruzen**
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204-2988
rob.cruzen@klarquist.com
*Attorney for Defendant Amazon.com, Inc.*

**Christopher R. Smith**
Lindquist & Vennum PLLP
4200 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
csmith@lindquist.com
*Attorney for Defendant Sportsman's*
*Warehouse, Inc.*

**Gary L. Eastman**
Gary L. Eastman, Esq., APLC
401 West "A" Street, Suite 1785
San Diego, California 92101
gary@garyeastman.com
*Attorneys for Defendants David R.*
*Schaefer and Lakeland Enterprises, Inc.*

*/s/ Jacob S. Wharton*
Jacob S. Wharton

-22-

WCSR  7698980v2

Exhibit B
Page 26